Nash, J.
 

 We agree with his Honor that the action cannot be sustained. The facts are as follows : Lyle and Clayton placed in the hands of an attorney certain notes for collection. Suits were brought, moneys made and the moneys paid into the office of the clerk of the Court.— During the pendency of the action, the receipt given by the attorney, on receiving the notes, was, by the plaintiff, transferred to the relators for a full consideration. A part of the money was paid by the defendant, the clerk, to the present relators. Another judgment had been ob» tainedbyone Moody in the same Court and the money also paid into the office of the clerk. The relators had purchased certain witness tickets, which were filed in the case, the amount of which, included in the costs, was
 
 *236
 
 also paid in. The action is upon the official bond of the defendant, as clerk of the Court, and the breach assigned the non-payment of the money so paid into the office.— The refusal of the defendant to pay the money to the plaintiffs is no breach of the bond. Every clerk is required faithfully to pay over all moneys, rceived into his office, to the person or persons entitled to receive the same. The enquiry then is, who was entitled, under the law, to demand from the defendant the money claimed in this suit. Clearly, not the relators. A judgment, it has been decided, is not assignable : and the transfer of the attorney’s receipt for the notes, could, at best, transfer but an equitable right to the money, when collected. The judgment still remained, in law, the property of the plaintiffs at law. These were Lyle and Clayton, and they, or their attorney at law, or their attorney in fact, were alone legally entitled to demand and receive the money from the defendant. The case is in a Court of law, where, in general, only legal interests are regarded.
 
 Jones and Wife
 
 v.
 
 Blackledge, 2
 
 Car. L. Rep. 457;
 
 Arrington
 
 v.
 
 Horn, 2
 
 Car. L. Rep. 631. The defendant was under no legal obligation to pay the money to the rela-tors, and his refusal to do so was no breach of his bond, for which they can sue.
 

 Per Curiam. Judgment affirmed.